*Messrs. Robertson & Buchwalter* and *Mr. Theodore C. Jung,* for plaintiff in error.

*Mr. William R. Collins,* for defendant in error.

---

## BAUER *v*. NICKOL ET AL.

*Equity—Foreclosure—Mortgage held an indemnity, when.*

The mortgage which the plaintiff seeks to foreclose in this case can be regarded only in the light of an indemnity, and under the equity rule that "if money is not equitably due it ought not to be recovered," the petition is dismissed at plaintiff's costs.

(Decided December 12, 1914.)

APPEAL: Court of Appeals for Hamilton county.

JONES, E. H., J.; SWING, J., concurring; JONES, O. B., J., not sitting.

"This is an equitable action, and if the money is not equitably due it ought not to be recovered."

This is the first sentence in an opinion by Judge Welch in the case of *White, Admr.,* v. *Turpin,* 16 Ohio St., 270.

The present case was tried in this court on appeal from the court of common pleas, and is an action brought by the plaintiff, Caroline Bauer, for the foreclosure of a mortgage and marshaling of liens. The nature of the action can be briefly described by quoting from the defeasance clause of the mortgage which is the basis of the action:

*"Provided Nevertheless,* That whereas the said Caroline Bauer has advanced as a loan to Louis E. Nickol, the husband of the said Josephine B. Nickol, the sum of $2,500 with which to enable him to build upon the premises of said Caroline Bauer, known as No. 2811 Woodburn avenue, Walnut Hills, Cincinnati, Ohio, certain new bakeovens for the use of Louis E. Nickol in carrying on a bakery in said premises, and to make certain other repairs, alterations and improvements in and upon said premises which the said Louis E. Nickol has agreed to take under a lease from the said Caroline Bauer for a period of ten years from the 1st day of June, 1909. And whereas the said Caroline Bauer in order to obtain the said $2,500 has been compelled to mortgage her said premises to the East Walnut Hills Building & Loan Company by the terms of which mortgage she is to make certain weekly payments of dues, interest and premiums until said loan is repaid in full. And whereas the said Louis E. Nickol has agreed to repay said loan by assuming and agreeing to pay the loan of Caroline Bauer to the East Walnut Hills Building & Loan Company and an additional weekly payment of $2.50 on

the principal; now if the said Louis E. Nickol shall pay said loan in manner and form as agreed to be paid by the said Caroline Bauer, including the additional weekly payment of $2.50 for the purpose of hastening the payment of said loan, then this mortgage shall be void; and in case of default in making any of said weekly payments to the said East Walnut Hills Building & Loan Company on said mortgage, the said Caroline Bauer shall have the immediate right to foreclose this mortgage and recover for the full amount that may be due upon the mortgage given by the said Caroline Bauer to the said East Walnut Hills Building & Loan Company at that time."

The defendant, Louis E. Nickol, occupied the premises leased to him by plaintiff herein, and conducted a bakery therein, for about fifteen months, when he failed in business and was declared a bankrupt. We find that up to the time of his said failure, he complied with his agreement and paid to the building association the dues, interest and premium and an additional $2.50 per week upon the principal of said loan. In addition to the $2,500 borrowed by Mrs. Bauer from the building association, Mr. Nickol spent in making the improvements upon her property $800 of his own money. His rent was paid at the rate of $60 per month, according to the terms of the lease. About half the cost of the improvements was paid by him during his brief tenancy. Shortly after he became a bankrupt and was forced to quit business, Mrs. Bauer, his lessor, assumed charge of her property and made a new lease to one Anthony Lass, for a term of five years, at $90 per month.

The defendant, Josephine B. Nickol, is the wife of Louis E. Nickol, and executed the mortgage herein sought to be foreclosed, upon her individual property, as a guaranty to Mrs. Bauer that the terms of the lease would be complied with by her husband. The lease provided that the bakeovens and other improvements, when made, should be a part of the real estate and become the property of the lessor, Mrs. Bauer. No issue is made as to her right and title to said improvements.

Judge Welch, in the opinion in the case of *White, Admr.,* v. *Turpin, supra,* asks the question: "In equity and justice, then, ought this money to be paid a second time by the administrator?"[1] The question before us is a similar one, viz.: In equity and justice ought Mrs. Nickol be compelled to pay the balance due on the loan from the building association? A strict construction of her contract would possibly require an affirmative answer, but the day is past, if any day there ever was, when one must be awarded the "pound of flesh" for the sole reason that it is "so nominated in the bond." It has long been a familiar maxim in equity that "He who seeks equity, must do equity."[3]

The demand of plaintiff in this action is harsh, unreasonable and unjust.

Mrs. Bauer will receive during the five-year term for which Mr. Lass has rented her property in additional rent which will accrue to her by reason of the improvements made on her property by Mr. Nickol, sufficient money to pay the balance due to the East Walnut Hills Building & Loan Company on her loan; then she will still have the property and the rentals therefrom for many years to come.

She has made no offer whatever to the defendant, Mrs. Nickol, either of the premises or of the additional rents derived or to be derived from the improvements made thereon. So far as the proceedings in this court show, there has been no offer or tender of any nature made by the plaintiff and no disposition manifested by her to work out a just solution of the situation which Mr. Nickol's unforeseen business reverses and bankruptcy brought about.

We hold that in view of the unexpected developments of the case and the short duration of Mr. Nickol's tenancy it cannot be successfully contended that Mrs. Nickol could be held under her mortgage, except as an indemnitor against loss on the part of Mrs. Bauer. "In ascertaining the intention of the parties, the court must take into consideration not only the language of the contract but the situation of the parties and the circumstances surrounding them at the time the contract was made." (22 Cyc., 85). Applying this rule, we are of the opinion that the most a court of equity could say for the mortgage held by Mrs. Bauer is that it can only be regarded in the light of an indemnity, the office of which is to protect Mrs. Bauer from any actual loss by reason of the transaction. In the trial of the case no effort was made to show that any loss was sustained by Mrs. Bauer. She suffered no loss by the transaction. On the contrary, we think the evidence shows that she gained thereby. The money sought to be recovered by her is, therefore, not equitably due, and, as said by Judge Welch, "If the money is not equitably due, it ought not to be recovered."

The petition of plaintiff will be dismissed at her costs, and defendants may go hence without day.

*Petition dismissed.*

*Mr. Oscar W. Kuhn,* for plaintiff.

*Mr. Stephen W. Jones* and *Mr. Edward A. Tepe,* for defendants.